UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER GAKUBA,

               Plaintiff,

-against-

LETITIA JAMES ("NY ATTORNEY GENERAL"); MERRICK GARLAND ("USA ATTORNEY GENERAL"); KWAME RAOUL ("ILLINOIS ATTORNEY GENERAL"),

               Defendants.

1:24-CV-8313 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Peter Gakuba, of Baltimore, Maryland, who is appearing *pro se*, brings this action under the Driver's Privacy Protection Act ("DPPA"), the Video Privacy Protection Act ("VPPA"), and 42 U.S.C. § 1983. He sues: (1) Letitia James, the Attorney General of the State of New York; (2) Merrick Garland, the former Attorney General of the United States; and (3) Kwame Raoul, the Attorney General of the State of Illinois. Plaintiff sues the defendants in their individual and official capacities, and he seeks damages, injunctive relief, and declaratory relief.

      Plaintiff has also filed the following motions and applications: (1) a motion for permission for electronic case filing (ECF 5); (2) an application for the Court to request *pro bono* counsel (ECF 6); (3) a "notice" requesting a hearing (ECF 9); (4) a motion to supplement the complaint (ECF 10)[1]; (5) a motion for the recusal of the undersigned (ECF 11); (6) a "motion for

---

[1] The Court construes this motion as a supplement to the complaint.

CM/ECF E-filing and fee-free PACER"; and (7) a motion to "disqualify" the undersigned from presiding over this action (ECF 13).[2]

By order dated November 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[2] The Court also notes that Plaintiff has filed a petition for a writ of *mandamus* in this action that is styled for the United States Court of Appeals for the Second Circuit. (ECF 14.)

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

As this Court previously observed in another of Plaintiff's *pro se* actions brought in this court:

> [o]n June 29, 2015, [Plaintiff] . . . was convicted, pursuant a jury verdict in the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois, of three counts of aggravated sexual abuse. He was sentenced to a total prison term of 12 years' incarceration. His conviction was affirmed on appeal, *People v. Gakuba*, 2017 IL App (2d) 150744-U, and the Illinois Supreme Court denied leave to appeal, *People v. Gakuba*, No. 122289, 2017 WL 4386407 (Ill. Sept. 27, 2017).

*Gakuba v. Warden John/Jane Doe*, No. 1:22-CV-1039 (LTS), 2022 WL 561669, at *1 (S.D.N.Y. Feb. 22, 2022), *appeal dismissed*, No. 22-385 (2d Cir. July 20, 2022).

This action appears to be an attempt to challenge and/or undermine that conviction, and to seek relief against the defendants named herein, under the DPPA, VPPA, and 42 U.S.C. § 1983, arising from the use of Plaintiff's New York State Drivers' License information and his video-rental information in the prosecution of Plaintiff in the abovementioned Illinois state court criminal action.

3

## DISCUSSION

This is not the first time that Plaintiff has brought these claims. It appears that, on August 25, 2024, Plaintiff filed a *pro se* action against the same defendants, raising similar, if not the same, claims in the United States District Court for the Northern District of New York. On October 1, 2024, Magistrate Judge Daniel J. Stewart of that court issued a report-recommendation and order, recommending that Plaintiff's action in that court be dismissed. *Gakuba v. James*, No. 1:24-CV-1043, 2024 WL 4362598 (N.D.N.Y. Oct. 1, 2024) ("*Gakuba I*").

Magistrate Judge Stewart noted that, while the DPPA "does provide a cause of action against '[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter[,]'" he also noted that, "[s]pecifically included in the list of permissible uses is 'use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.'" *Gakuba*, 2024 WL 4362598, at *3 (quoting 18 U.S.C. § 2724(a) and 18 U.S.C. § 2721(b)(1)). He observed that "Plaintiff's own allegation [was] that law enforcement used his protected personal information as part of their investigation of his conduct." *Id.* (citation omitted). Thus, "his own pleadings . . . indicate[d] that the alleged use of his personal information was by law enforcement personnel conducting a criminal investigation[,] which [was] clearly a permissible use." *Id.* Magistrate Judge Stewart held that Plaintiff had failed to assert a violation of the DPPA, and recommended that such a claim should be dismissed "with leave to amend to permit Plaintiff to set forth how he alleges the activity violated the statute." *Id.*

With respect to Plaintiff's claims under the VPPA, Magistrate Judge Stewart noted that that statute "provides a cause of action against '[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such

4

provider.'" *Id.* (quoting 18 U.S.C. § 2710(b)(1), alteration in original). He also noted that the VPPA provides exceptions to its prohibitions. *Id.* (citing 18 U.S.C. § 2710(b)(2)). Magistrate Judge Stewart further noted that the VPPA's " right of action . . . requires Plaintiff to 'allege that . . . a defendant is a video tape service provider,'" *id.* (quoting *Addi v. Int'l Bus. Machs., Inc.*, 7:23-CV-5203 (NSR), 2024 WL 2802863, at *3 (S.D.N.Y. May 31, 2024)), and that "Plaintiff ha[d] not done so . . . as to any of the individually named Defendants, nor could he credibly do so," *id.* He therefore recommended that such claims be dismissed; he did not recommend that leave to amend be granted as to such claims. *Id.*

Magistrate Judge Stewart apparently construed Plaintiff's claims of constitutional violations brought against Garland as brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). With respect to such claims against James and Raoul under 42 U.S.C. § 1983, and against Garland under *Bivens*, Magistrate Judge Stewart observed that James and Raoul both became their respective States' Attorneys General in 2019, and that Garland became Attorney General of the United States in 2021. *Id.* at *4. He also noted that the relevant criminal investigation of Plaintiff took place in 2006. *Id.* Magistrate Judge Stewart then took judicial notice that none of the defendants had held their then-current positions at the time of the relevant criminal investigation of Plaintiff; he therefore held that Plaintiff had failed to satisfy the requirement with respect to claims brought under *Bivens* and Section 1983 that a plaintiff must allege facts showing the defendants' personal involvement in the alleged constitutional violations. *See id.* Magistrate Judge Stewart recommended dismissal of those claims, and did not recommend that leave to amend be granted as to those claims. *Id.*

Finally, Magistrate Judge Stewart recommended that Plaintiff's official-capacity damages claims against James and Raoul be dismissed under the doctrine of Eleventh Amendment

5

immunity, and that such claims against Garland be dismissed under the doctrine of federal sovereign immunity.[3] *Id.*

In a text order issued by District Judge Glenn T. Suddaby of that court on November 1, 2024, and in a judgment of that court also entered on that date, that court granted Plaintiff's two motions to dismiss *Gakuba I* without prejudice. The motions were filed after Magistrate Judge Stewart issued his October 1, 2024 report-recommendation and order. *Gakuba I*, ECF 19 & 20. The November 1, 2024 order and judgment rendered Magistrate Judge Stewart's October 1, 2024 report-recommendation and order moot. *Id*.

Here, this Court understands that Plaintiff is asserting claims against all three defendants in their individual and official capacities. With respect to Plaintiff's claims of federal constitutional violations against Garland, the Court understands that such claims are again brought under *Bivens*.

### A.    Plaintiff's individual-capacity claims under the DPPA, the VPPA, Section 1983, and *Bivens*

The Court dismisses, for failure to state a claim on which relief may be granted, Plaintiff's individual-capacity claims under the DPPA, the VPPA, Section 1983, and *Bivens* against the defendants for the reasons articulated by Magistrate Judge Stewart as to those types of claims raised in *Gakuba I*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Gakuba*, 2024 WL 4362598, at *3-4.

---

[3] Magistrate Judge Stewart additionally recommended dismissal of Plaintiff's claims against Garland and Raoul due to a lack of general personal jurisdiction and specific personal jurisdiction. *Gakuba*, 2024 WL 4362598, at *2-3.

B.       **Plaintiff's official-capacity claims**

The Court also dismisses Plaintiff's official-capacity claims for damages against the defendants for the same reasons articulated by Magistrate Judge Stewart in *Gakuba I*. *See* § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Gakuba*, 2024 WL 4362598, at *4.

The Court further dismisses Plaintiff's official-capacity claims for injunctive relief and declaratory relief under Section 1983 against James and Raoul.[4] "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the [S]tates' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. &*

---

[4] Plaintiff asks this Court to order the defendants to give him "all the criminal discovery that led to his wrongful convictions; or swear under oath and affirmation to having destroyed them deliberately and intentionally as . . . violations of the 5th and 14th Amendments[] due process and equal protection clauses and false/fabrication evidence violations too [*sic*]." (ECF 1, at 28-29.) He also asks this Court to order the defendants to give him "the false/fabricated 'booking process' records that adjudged perjurer [Illinois] police [officer] O'Brien and suborner [Assistant Illinois State's Attorney] Kurtz falsely testified to having authored when the undisputed record plainly shows Trial Exhs. ##18-19 were reports authored by [Illinois] police [officer] Balsley." (*Id.*)

Plaintiff further seeks declaratory relief holding that all "state and federal statutory and constitutional violations . . . were fruit-of-the-poisonous-tree[]resulting in [his] wrongful conviction, " that "state and federal police and prosecutors are equally culpable," and "that any failures by James, Garland, and Raoul to produce the false/fabricated evidence of a Q&A 'booking process' and sworn/affirmation claims to having destroyed all the criminal discovery (past and/or present) constitutes 'newly discovered evidence' of [Plaintiff's] actual innocence." (*Id.* at 30-31.)

*Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and neither the State of New York nor the State of Illinois has waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (State of New York); *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 909-10 (7th Cir. 1991) (State of Illinois). Thus, the Eleventh Amendment precludes Plaintiff's official-capacity claims under Section 1983 against James and Raoul for injunctive relief and retrospective declaratory relief.[5] *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101-02. Accordingly, the Court dismisses those claims under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the

---

[5] Under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations omitted). Any injunctive relief that Plaintiff seeks against James and Raoul, in their official capacities, under Section 1983, appears to be retrospective. (*See* ECF 1, at 28-30.) In addition, any claims that challenge the fact of his Illinois state court conviction or the length of his associated sentence must be brought in a *habeas corpus* petition, not via a Section 1983 claim, *see Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973), and such claims are "barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff's] suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration," *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Furthermore, this Court, like the United States District Court for the Northern District of New York, would seem to lack general personal jurisdiction and specific personal jurisdiction over Raoul. *See Gakuba*, 2024 WL 4362598, at *2-3. Finally, as Plaintiff knows well by now, so long as he remains in custody pursuant to his Illinois state court conviction and sentence, the only federal court to which he can direct any challenges to that conviction and sentence is the United States Court of Appeals for the Seventh Circuit. *See supra* at 11.

parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

The Court understands Plaintiff's official-capacity claims for injunctive and declaratory relief against Garland as seeking *mandamus* relief under 28 U.S.C. § 1361.[6] "Mandamus may be awarded only if the plaintiff proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 132-33 (2d Cir. 2008).

Plaintiff alleges no facts showing that he has a right to the relief sought (ECF 1, at 28-32), that the federal government has a plainly defined and preemptory duty to perform the act in question (*see id*.), and that there is no other adequate remedy available.[7] The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.    Recusal**

Plaintiff has filed a motion for the recusal of the undersigned (ECF 11) and a motion to "disqualify" the undersigned from presiding over this action (ECF 13). The Court understands both motions as seeking the recusal of the undersigned from this action. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United*

---

[6] Under this statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

[7] Again, Plaintiff already knows that any challenge to his Illinois state court conviction and sentence must be brought to the Seventh Circuit, not this court. *See supra* at 11.

*States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted, alteration in original).

The showing of personal bias must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). Judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of a recusal motion filed in a case by a plaintiff where the judge had ruled against him on all of his motions). In addition, "[i]f an adverse ruling is not cause for recusal, . . . it follows logically that the court's failure to rule on [an] . . . issue as quickly as Plaintiff may have liked is also not a basis for recusal." *Sanders v. WB Kirby Hill, LLC*, No. 16-CV-4596, 2019 WL 2393798, at *4 (E.D.N.Y. June 6, 2019).

Plaintiff's motions for the undersigned's recusal from this action seem to arise from the amount of time that it has taken for the Court to issue a substantive order in this action and the Court's failure to grant Plaintiff the relief he believes he is entitled to when he believes he is entitled to it. Since Plaintiff filed this action and was granted IFP status, Plaintiff's complaint and numerous other submissions have been under review, as is required for such actions, pursuant to the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly, because Plaintiff makes no showing of the undersigned's personal bias or prejudice against him, the Court denies Plaintiff's motions seeking the undersigned's recusal from this action. (ECF 11 & 13.)

### D.    Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint and supplement cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**E.     Warning**

This is not the first time that Plaintiff has filed an action in this court in an effort to challenge and/or undermine his abovementioned Illinois state court conviction. *See Gakuba*, 2022 WL 561669, at *2-5 (determining that Plaintiff's *habeas corpus* petition filed in this court under 28 U.S.C. § 2254 was successive, declining to transfer the action to the Seventh Circuit, and dismissing the action without prejudice for want of jurisdiction); *In re: Peter Gakuba*, ECF 1:21-CV-8121, 6 (S.D.N.Y. Oct. 4, 2021) (transferring second or successive Section 2254 petition to the Seventh Circuit). In addition, as discussed above, this is not the first time that Plaintiff has raised the types of claims raised in this action, only to be told by a federal district court of their deficiencies. *Gakuba*, 2024 WL 4362598 ("*Gakuba I*"). In light of Plaintiff's litigation history in this court, the Court finds that Plaintiff was or should have been aware of the nonmeritoriousness of his claims in this action when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that, if he files further vexatious, frivolous, or otherwise nonmeritorious litigation in this court, such filing may result in the court directing him to show cause why the court should not bar him from filing new civil actions in this court IFP without prior leave of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action for the reasons set forth above. The Court also denies Plaintiff's motions for recusal and for "disqualification" of the undersigned for the reasons set

forth above. (ECF 11 & 13.) The Court further grants Plaintiff's motion for permission for electronic case filing. (ECF 5). The Court construes Plaintiff's motion to supplement his complaint as a supplement to his complaint. (ECF 10.) The Court denies all other remaining motions, applications, and/or requests as moot, and directs the Clerk of Court to terminate all pending motions on the docket of this action.[8]

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   July 2, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

[8] The Court will not address Plaintiff's *mandamus* petition as it appears to seek relief from the Second Circuit. (ECF 14.)